Edward S. Conway, J.
This is a motion by the petitioner for an order: (1) directing respondents to allow the petitioner to examine any and all records in the custody and control of the respondents concerning Ms. Sandra Yeo, and to make copies thereof; (2) directing respondents to allow petitioner to examine his personnel records and to make copies thereof; and (3) directing Sandra Yeo, Dr. Harvey Sherer and Cheryl Reidy to answer any and all questions concerning the mental disability of Sandra Yeo and the treatment thereof at the Department of Mental Hygiene.
On December 29, 1975 the petitioner was served with a notice of discipline by his employer Oswald D. Heck Developmental Center which contained the following charges:
"1. That you did knowingly have sexual relations with one of the Schenectady Team’s Community Status Clients, one Ms. Sandra Yeo. This incident took place approximately two months prior to December 3, 1975, or approximately the beginning of October, 1975;
"2. That on the evening of December 3, 1975, you identified yourself to the management of the '501 Club’ in Schenectady, New York as the probation officer to Ms. Sandra Yeo, using a photo identification card to impersonate said probation officer;
"3. That on the evening of December 3, 1975 at '501 Club’ in Schenectady, New York, you assaulted a client, Ms. Sandra Yeo. The penalty to be assessed against you shall consist of termination of your services.”
Petitioner initiated a disciplinary grievance proceeding pur *738 suant to the provisions of the agreement between the State of New York and the Civil Service Employees Association Institutional Services Unit, and an arbitration hearing was held on April 2, 1976 before Dr. Irving Markowitz, arbitrator. On April 11, 1976 the petitioner served a subpoena duces tecum on the Department of Mental Hygiene which required the respondents to produce: "all correspondence, books, records, documents and other writings or reproductions thereof in your custody or control relating to Ms. Sandra Yeo, one of the Schenectady Team’s Community Status clients and relating to any and all treatment thereof.”
At the hearing, respondent refused to produce the documents requested, basing its refusal on section 15.13 of the Mental Hygiene Law. The arbitrator denied petitioner’s request for the production of the records. Petitioner also sought to cross-examine Ms. Yeo, Dr. Harvey Sherer, a psychiatrist at the OD Heck Center, and Cheryl Reidy, a psychiatric nurse at the center, about the mental condition and treatment of Ms. Yeo. The arbitrator refused to compel them to testify about Ms. Yeo’s mental condition.
Petitioner thereupon makes the instant motion and respondent cross-moves for an order precluding petitioner from asking any questions of Sandra Yeo, Dr. Sherer and Cheryl Reidy relating to her mental condition and directing respondents to maintain the confidentiality of all records in their custody pertaining to Sandra Yeo or, in the alternative, directing respondents to release those records to the arbitrator and further directing the arbitrator to determine which, if any, of these records are material and necessary to petitioner’s defense of the charge of misconduct and are to be released for examination by petitioner.
Petitioner contends that the subject of Ms. Yeo’s mental condition having been placed in issue by the Department of Mental Hygiene upon direct examination of Dr. Sherer, that petitioner has a right to cross-examine the doctor and treating nurse and that only through examination of the records can the degree of the disability of the complainant (Ms. Yeo) be determined. Further, petitioner contends that respondent should not be allowed to prove the charges of misconduct against petitioner by introducing evidence of the complainant’s condition while at the same time shielding that condition by the assertion of confidentiality.
In this proceeding, we are concerned with the right of *739 petitioner to continue practicing his profession. Involved is not only his present job, but also his reputation and his right to earn his livelihood in the future. In his defense, petitioner should be entitled to examine the records of Sandra Yeo to determine if there were occasions upon which petitioner was involved in her supervision prior to the alleged incidents, and whether she was, in fact, a patient at the time of the alleged incident, and her mental condition.
Evidence of complainant’s condition was offered to demonstrate the gravamen of the charges; the confidentiality has therefore been waived. Even if Ms. Yeo has not herself waived the privilege, her identity can be protected by the arbitrator as this proceeding is not a public trial. Any disclosures can be limited by the arbitrator to the salient facts sufficient to raise the question of her competency and credibility if, in the opinion of the arbitrator, they be germane and necessary.
Further, the question of examining Sandra Yeo as to her own mental condition should be left to the arbitrator to determine as the questions arise, as he is the best judge of whether the questions might damage her mental condition and whether they are relevant and germane.
The examination of Dr. Sherer and Cheryl Reidy as to Sandra Yeo’s mental condition should be allowed, as the privilege has been waived and the confidentiality can be protected by the arbitrator as outlined above. However, each question as to the relevance should be ruled on by the arbitrator.
Therefore, in view of the foregoing, the motion of the petitioner is in part granted and in part denied, and the cross motion of respondents is granted to the extent of directing the arbitrator to determine which of the records in question are material and necessary to petitioner’s defense.